SAMUEL, Judge.
By this action plaintiff seeks a writ of quo warranto and declaratory relief prohibiting enforcement by the defendant, Sewerage and Water Board of New Orleans (Board), of a 28% water rate increase to private consumers adopted on April 14, 1976. The suit is based on the failure of the Board to obtain prior consent or approval of the Board of Liquidation, City Debt, and the New Orleans City Council.
Following trial, there was judgment in favor of the defendant Board maintaining the legality of the rate increase. Plaintiffs have appealed.
*405 The matters presented for our consideration are controlled by Article 14, § 23 of the Louisiana Constitution of 1921, the provisions of which were continued as statutes by Article 14, §§ 16, 10 of the Louisiana Constitution of 1974. Hereinafter amendments to Article 14, § 23 of the 1921 Constitution generally are referred to by the legislative acts which proposed those amendments.
The Board was created by Act 6 of 1899, which empowered it to fix rates to be charged to private consumers of water. That act was ratified and approved by the 1921 Constitution. No requirement for approval of such rates by any other governmental agency was contained in the 1899 statute. Act 301 of 1948 imposed upon the Board alone the duty to fix rates to be charged private consumers of water adequate to cover not only the expenses of maintenance and operation but also funding of a sinking fund to cover the cost of system renewal, extension, repair, and betterment. The Board was still not required to obtain approval from any other agency. Such approval was required for the first time by Act 767 of 1954, which provided rates to be charged private consumers of water would not become effective without approval by the Board of Liquidation, City Debt.
Act 541 of 1958 provided those rates fixed by the Board would not be effective without approval of both the Board of Liquidation, City Debt, and two-thirds of the New Orleans City Council. This 1958 amendment empowered the Sewerage and Water Board to fund its revenues by issuing water revenue bonds, payable only from the Board’s revenues. It also provided such bonds could only be issued with the consent of the Board of Liquidation, City Debt, and an affirmative vote of two-thirds of the New Orleans City Council. The 1958 amendment further provided procedures to issue these bonds and established debt service requirements for any such bonds issued by the Board.
It is established in paragraph 12 of Article 14, § 23.3 that the authorization by the Board of water revenue bonds and the consent of the City Council and the Board of Liquidation giving their respective approval to the bonds constitutes a contract with the holders of the water revenue bonds who have the right to judicially enforce payment of the bonds and accrued interest in the event of default.
The final addition to the powers and duties of the Board is contained in the fifth paragraph of Article 14, § 23.3 of the 1921 Constitution as follows:
“So long as any of such Water Revenue Bonds shall be outstanding, the Sewerage and Water Board shall fix water rates which shall be sufficient to produce revenues over and above the amount required for operation and maintenance of the Water System of the City of New Orleans, which shall be not less than one hundred thirty per centum (130%) of the maximum amount due in any calendar year for interest, principal and sinking fund payments and debt service reserves on all Water Revenue Bonds then outstanding . . .
The events leading to this law suit can be summarized briefly. Preliminary to increasing water rates, the Board advertised three joint public meetings in accordance with law. After the thirty day legal waiting period, the Board adopted a resolution calling for a 74% rate increase. This increase was approved by the Board of Liquidation, but it did not receive the approval of two-thirds of the City Council. Thereafter, the Board adopted an alternative rate schedule for a limited period of time which proposed a water rate increase to consumers of 40%. This increase also failed to receive approval by two-thirds of the Council. Thereafter, on April 14, 1976, the Board adopted, without the consent or approval of the Board of Liquidation or the City Council, a 28% increase in consumer rates. These Board proposals and its final action on April 14, 1976 were made and taken on the advice of its experts.
Plaintiffs argue the 28% increase is invalid because the Board did not obtain the approval of the City Council and the Board *406 of Liquidation, City Debt. The defendant Board argues under the above quoted fifth paragraph of Article 14, § 23.3 it had the authority and duty to adopt the 28% increase since it was the minimum amount necessary to satisfy its statutory duties of maintaining and operating the New Orleans water system and maintaining revenues at not less than 130% of the maximum amount due in any calendar year for interest, principal, sinking fund payments, and debt service reserves on all water revenue bonds then outstanding.
As stated in his written Reasons for Judgment, the trial judge found there were outstanding water revenue bonds issued by the Board and, prior to the imposition of the water rate increase in suit, the water rates in New Orleans were not sufficient to produce “revenues over and above the amount required for operation and maintenance of the Water System of the City of New Orleans, which shall be not less than one hundred thirty per centum (130%) of the maximum amount due in any calendar year for interest, principal and sinking fund payments and debt service reserves on all Water Revenue Bonds then outstanding.” as required by the above quoted fifth paragraph of Article 14, § 23.3. The record establishes these facts without contradiction. In addition, we are satisfied from our reading of the record that the 28% increase is reasonably the minimum amount necessary to produce the revenues required by the fifth paragraph of Article 14, § 23.3.
Our reading of the pertinent provisions of the 1921 Constitution, together with their legislative history, compels the conclusion that once water revenue bonds are issued and outstanding, the Board has the authority and the duty to fix water rates for private consumers sufficient to produce the required revenues. We reach this conclusion because the 1958 amendment (Act 541 of 1958) to the cited constitutional article and section effected three things at the same time. First, it permitted the Board to fix rates, but only with the concurrence of two-thirds of the City Council in addition to the approval of the Board of Liquidation. Second, it authorized the Board to issue water revenue bonds, also with the approval of the Board of Liquidation and two-thirds of the City Council. Third, it provided “so long as any of such Water Revenue Bonds shall be outstanding, the Sewerage and Water Board shall fix water rates which shall be sufficient to produce revenues . . . ” to operate and maintain the sewerage and water system and to assure collection of 130% of payments due on the outstanding water revenue bonds.
Paragraph one of Section 23.3 requires the approval of the Board of Liquidation and two-thirds of the City Council. The identical approval is required for issuance of water revenue bonds. Once the Board of Liquidation and the City Council approve the issuance of such bonds, the duty to maintain sufficient revenues to service this indebtedness is then passed to the Board itself “so long as any of such Water Revenue Bonds shall be outstanding, . .” In short, once the Board of Liquidation and two-thirds of the City Council approve issuance of water revenue bonds, that act itself empowers the Board alone to fix the rates sufficient to operate and maintain the water system and to service the bonded indebtedness without repeated trips to the Board of Liquidation and the Council for approval of these rates. Clearly, the vesting of such power in the Board was considered necessary in order to insure continuous operation and maintenance of the water system and compliance with the contract with the holders of the water revenue bonds created by Paragraph 12 of Article 14, § 23.3 of the 1921 Constitution.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.