Dear Representatives Copelin and Bruneau:
This office is in receipt of your recent request for an Attorney General's Opinion regarding the regulatory authority delegated to the City of New Orleans (the "City"), by the Legislature, over the New Orleans Sewerage and Water Board (the "S WB"), to levy a tax or fee on real property without submitting it for approval by the electorate. Specifically, you have asked this office to address the following questions:
 1. Does the regulatory authority delegated to the City by the Louisiana Legislature over the S WB, a body corporate, permit the City to levy taxes, fees or charges, not otherwise permitted under its Charter, for the sole use of the S WB?
 2. Does the legislative authority delegated to the City by the Louisiana Legislature over the S WB, a body corporate, permit the City to levy a new one billion dollar tax or fee affecting real property without submitting it for approval by a majority of the qualified electors of the City?
Before responding to your first question, we must point out that this office has not undertaken an examination of the City's Charter, and we rely upon your advice regarding its contents. Since, as you state, the City's Charter does not permit it to levy taxes, fees or charges for the sole use of the S WB, it is the opinion of this office that such authority, if it exists, can only arise from the State Constitution or statutes.
The legislative authority creating the S WB is found at LSA-R.S. 33:4071, et seq. These provisions clearly define, but at the same time limit, the authority of the S WB to raise funds to provide for the water, drainage and sewerage needs of the City of New Orleans. In the absence of specific legislative authorization, the S WB has no authority to levy fees, taxes, or charges.
For example, LSA-R.S. 33:4094 permits an assessment of advalorem taxes to fund the operation of the S WB. LSA-R.S.33:4096, as well as LSA-R.S. 33:4198 provide for the issuance of revenue bonds to supplement ad valorem tax revenue. Under the authority of Sections 4096 and 4198, the S WB is authorized to levy charges for water, drainage and sewerage service. Under the statutory scheme of Sections 4096 and 4198, the rates charged for these services must be reasonably related to the cost of services provided to the user. Only the S WB under these enactments has the statutory authority to fix rates sufficient to operate and maintain its water system and service its bonded indebtedness.Civello v. Sewerage and Water Board of New Orleans,349 So.2d 404 (4th Cir. 1977).
The role of the City in the operation of the S WB is similarly defined and limited by LSA-R.S. 33:4071, et seq. The City's role, taking the statute as a whole, is as a regulator, approving the rates which may be charged by the S WB for its services pursuant to LSA-R.S. 33:4096 as well as LSA-R.S. 33:4198. As a regulator, the City cannot exercise the legislative powers granted the S WB since the S WB is a separate, distinct body politic. See, Stateex rel. Sanders v. Kohnke, 33 S. 793 (1903), holding that the S WB of New Orleans has all the attributes of a corporation.
Conspicuously absent from these legislative enactments creating the S WB is any authority granted to the City to raise revenues for the use and benefit of the Sewerage and Water Board as a consequence of its regulatory authority. Thus, to the extent that the City seeks to enact charges or levies pursuant to its regulatory authority over the S WB, those charges or levies are not authorized or permitted under the laws of the State of Louisiana.
In response to your second question, we note that the authority of the City to levy taxes is clearly limited and defined by both State law and its Charter.
With regard to state imposed limitations, we note that the constitution and laws of the State of Louisiana authorizes the City to impose ad valorem taxes on real estate, but only upon approval of the voters and based upon valuation. The Legislature further provided in LSA-R.S. 33:4093 pertaining to the S WB that:
 ". . . and the city of New Orleans shall be hereafter relieved of the duty of providing in its annual budget or otherwise for the maintenance and operation of the sewerage and water systems; and the said board shall be authorized to use the collections from water rates charged to private consumers for the maintenance and operation of the public water system, and the public and private supply therefrom, and the cost of maintenance and operation of the public sewerage system, and the creation of a sinking fund for an ultimate renewal of said systems. . ."
Act 6 of the Extraordinary Session of 1899 authorizing water, sewerage and drainage systems for New Orleans was made part of the 1899 constitution. It is the State of Louisiana which has the right under its police powers to create, supervise, and define the role and power of the Sewerage and Water Board of the City of New Orleans. State ex rel. Porterie v. Walmsley, 1935,183 La. 139, 162 So. 826, appeal dismissed 56 S.Ct. 141, 296 U.S. 540,80 L.Ed. 384, rehearing denied 56 S.Ct. 246, 296 U.S. 663,80 L.Ed 473. As a municipal corporation, the operation of a board controlling sewerage, drainage and water was not an "ordinary governmental function of municipal government." State ex rel.Porterie, supra. Thus, to the extent that the City would propose to raise funds for the use and benefit for the S WB, such activity would be outside of the proper governmental function of the City of New Orleans.
Any other charge on real estate is subject to the Home Rule Charter of the City of New Orleans which you have advised provides, at Section 3-101, that ". . . no specific tax or service charge effecting real property or motor vehicles shall be levied unless approved by the voters of the City of New Orleans."
Thus, to the extent that the City of New Orleans, under its authority as a municipal corporation seeks to impose levies, charges, or fees on real property in the absence of voter approval, such levy, charge, or fee is illegal.
We trust the foregoing to be of assistance. Should you need any further information, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General